J-S65015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JONATHAN BROWN, | |
| Appellant | No. 2559 EDA 2014 |

Appeal from the PCRA Order Entered August 6, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0206201-1992

BEFORE:  BENDER, P.J.E., SHOGAN, J., and JENKINS, J.

MEMORANDUM BY BENDER, P.J.E.:  **FILED DECEMBER 01, 2015**

Appellant, Jonathan Brown, appeals *pro se* from the August 6, 2014 order denying, as untimely, his third petition for relief filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.  We affirm.

On June 29, 1992, Appellant pled guilty to first-degree murder and possessing an instrument of crime.  He was sentenced that same day to life imprisonment without the possibility of parole.  Appellant filed an appeal to this Court, and we affirmed his judgment of sentence on February 7, 1994. ***Commonwealth v. Brown***, No. 2941 Philadelphia 1992, unpublished memorandum (Pa. Super. filed February 7, 1994).  The record does not indicate that Appellant filed a petition for allowance of appeal with our Supreme Court.  Consequently, his judgment of sentence became final on March 9, 1994.  ***See*** 42 Pa.C.S. § 9545(b)(3) (directing that judgment of

sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed").

Between 1999 and 2003, Appellant filed two PCRA petitions, both of which the PCRA court denied. Appellant did not appeal to this Court from the denial of either of those petitions. On September 30, 2013, he filed the *pro se* PCRA petition underlying the present appeal. On July 3, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition as untimely. On July 18, 2014, Appellant filed a *pro se* motion for an extension of time within which to respond to the court's Rule 907 notice. The court did not expressly rule on that motion.[1] On August 6, 2014, the PCRA court issued an order dismissing Appellant's petition as untimely.

Appellant filed a timely, *pro se* notice of appeal and the PCRA court issued a Pa.R.A.P. 1925(a) opinion, despite not ordering Appellant to file a Rule 1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents five issues for our review. In four of those issues, he asserts that his plea counsel acted ineffectively, resulting in a violation of his

---

[1] Appellant does not challenge the court's failure to rule on this motion on appeal.

constitutional rights, and causing him to enter an involuntary plea. *See* Appellant's Brief at 6. Appellant also avers that the evidence was insufficient to convict him of first-degree murder or possessing an instrument of a crime because he was acting in self-defense. *Id.*

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).

We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on March 9, 1994.[2] Consequently, his current PCRA petition, filed on September 30, 2013, is facially untimely and, for this Court to have jurisdiction to review

---

[2] We acknowledge that,

> [i]n cases where the judgment of sentence was final prior to the 1995 enactment of the timeliness requirement, a *first* petition is considered timely if filed within one year of the effective date of the enactment. However, there is no grace period for filing subsequent PCRA petitions.

***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 724 (Pa. 2003) (citations omitted; emphasis in original). Clearly, this exception to the timeliness requirement of section 9545(b) does not apply to this, Appellant's *third*, PCRA petition, which was filed in 2013.

the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant has failed to satisfy this burden, as he makes no attempt to argue that any of the claims he raises satisfy an exception set forth in section 9545(b)(1). Instead, Appellant simply contends that his plea counsel acted ineffectively, and that the evidence was insufficient to sustain his convictions. "It is well[-]settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted). Additionally, a challenge to the sufficiency of the evidence, in and of itself, does not satisfy any of the above-stated timeliness exceptions.

Because Appellant has not proven the applicability of one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1), we are without jurisdiction to consider the merits of his petition. Therefore, we affirm the PCRA court's order denying his petition as untimely.[3]

Order affirmed.

---

[3] On September 18, 2015, Appellant filed with this Court a *pro se* document entitled, "Motion for Evidentiary Hearing," wherein he reiterates his claims of plea counsel's ineffectiveness, adds novel assertions in that same vein, and requests a hearing to address these issues. For the reasons set forth *infra*, we are without jurisdiction to consider the merits of Appellant's ineffectiveness claims. Accordingly, Appellant's September 18, 2015 motion is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015